IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| AUDREY NELSON, | * | |
| Plaintiff, | * | |
| v. | * | CV 119-098 |
| REGIONS BANK, INC., | * | |
| Defendant. | * | |

**O R D E R**

Before the Court is Defendant Regions Bank, Inc.'s ("Regions") motion to dismiss. (Doc. 9.) For the following reasons, the motion is denied.

**I. BACKGROUND**

This case arises from alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq. In a letter dated November 13, 2018,[1] Plaintiff Audrey Nelson requested that Equifax Information Services, LLC[2] ("Equifax") investigate alleged inaccuracies appearing on her credit report. (See Dispute Letter,

---

[1] The Complaint mentions a letter sent "[o]n or about November 15, 2018," but does not specifically mention a letter dated November 13, 2018. (See Compl., Doc. 1, ¶ 10.)

[2] Equifax, originally a defendant in the case, was dismissed by stipulation. (See Docs. 18-19.)

Doc. 9-2, at 1.)  Regions includes the Dispute Letter with its motion.[3] Plaintiff's dispute letter claims that the Regions account appearing on her credit report with a scheduled monthly payment of $29 was "not [her] account."  (See id.; Compl., Doc. 1, ¶ 7.)

Plaintiff's Complaint states that the letter "explain[s] that the account . . . was charged off and asked Equifax to report the [account] with the monthly payment amount of $0."  (Compl., ¶ 11.) Paragraph eight of the Complaint implies that the account was in fact Plaintiff's, at least according to Defendant.  Paragraph eight states: "The account reflected by the Errant Tradeline was charged off and closed.  Regions accelerated the payment schedule and closed the account.  Plaintiff no longer has an obligation to make monthly payments."  (See id. ¶ 8.)

Plaintiff again obtained her credit report on February 6, 2019, which still showed the account with Regions and the scheduled monthly payment.  (See id. ¶¶ 7, 13.)  Plaintiff filed suit on June 27, 2019, alleging that Defendants' failure to investigate and report on Plaintiff's dispute violated the FCRA.

---

[3] Courts may consider documents – like the dispute letter here – attached to a motion to dismiss without converting the motion into one for summary judgment if three conditions are met.  The document must: 1) be referred to in the complaint; 2) be central to the plaintiff's claim; and 3) there is no reasonable dispute as to the document's authenticity.  See Booth v. City of Roswell, 754 F. App'x 834, 836 (11th Cir. 2018) (citing Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002)).  These conditions are met.

2

## II. LEGAL STANDARD

A motion to dismiss a complaint does not test whether the plaintiff will ultimately prevail on the merits of the case. Rather, it tests the legal sufficiency of the pleading. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Davis v. Scherer, 468 U.S. 183, 191 (1984). Therefore, the Court must accept as true all facts alleged in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff. See Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002). The Court, however, need not accept the pleading's legal conclusions as true, only its well-pleaded facts. Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009).

A complaint must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plaintiff is required to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although there is no probability requirement at the pleading stage, "something beyond [a] mere possibility . . . must be alleged." Twombly, 550 U.S. at 557-58 (citing Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005)). When, however, based on a dispositive issue of law, no construction of the factual allegations of the complaint will support the cause of action, dismissal is appropriate. See Exec. 100, Inc. v. Martin Cty., 922 F.2d 1536, 1539 (11th Cir. 1991).

3

## III. DISCUSSION

According to Regions, the issue in this case is whether an inaccurate allegation in a dispute letter can support a claim under the FCRA. The applicable section of the FCRA is 15 U.S.C. § 1681s-2(b). This section requires "furnishers of information"[4] to "(1) report accurate information to [credit reporting agencies] regarding consumers . . . and (2) conduct an investigation after receiving notice from a [credit reporting agency] of a dispute lodged by a consumer regarding information provided by the furnisher." Felts v. Wells Fargo Bank, N.A., 893 F.3d 1305, 1312 (11th Cir. 2018). "The only private right of action consumers have against furnishers is for a violation of [15 U.S.C.] § 1681s-2(b), which requires furnishers to conduct an investigation following notice of a dispute." Id.; Peart v. Shippie, 345 F. App'x 384, 386 (11th Cir. 2009) ("[Section 1681s-2(b)] can be enforced through a private right of action, but only if the furnisher received notice of the consumer's dispute from a consumer reporting agency.") That investigation is judged under a reasonableness standard. See id.

The following passage expresses the basis of Regions' argument:

> Regardless of the nature of the investigation a furnisher conducted, a plaintiff asserting a claim against a furnisher for failure to conduct a reasonable investigation cannot prevail on the claim without demonstrating that *had* the furnisher conducted a reasonable investigation, the result would have been different; *i.e.*, that the furnisher would have discovered that the information it reported was

---

[4] Regions does not dispute that it is a "furnisher of information" under the FCRA. (See Mot. to Dismiss, Doc. 9-1, at 3 n.3.)

>    inaccurate or incomplete, triggering the furnisher's obligation to correct the information.

Id. at 1313. In other words, when a furnisher of information reports accurate information to a credit reporting agency, no plaintiff can demonstrate that a reasonable investigation would uncover an inaccuracy in that information. See Hunt v. JPMorgan Chase Bank, Nat'l Assoc., 770 F. App'x 452, 458 (11th Cir. 2019).

Defendant argues that Plaintiff admitted the Regions account was hers in paragraph eight of the Complaint, meaning no reasonable investigation could uncover an inaccuracy on her credit report regarding the Regions account because there was no inaccuracy to begin with.[5] If ownership of the account were the issue here, Defendant would be entitled to dismissal. However, Defendant focuses on the wrong alleged inaccuracy. The Complaint alleges that the account was "charged off and [Plaintiff] asked Equifax to report the Errant Tradeline with the monthly payment amount of $0." (Compl., ¶ 11.) It does not allege that the account was not Plaintiff's. Even though the Dispute Letter included with Regions' motion shows that Plaintiff disputed the ownership of the account, a motion to dismiss tests the contents of the Complaint. Indeed the Dispute Letter Regions includes may not be the letter referred to in the Complaint – it bears a different date than the letter referenced in the

---

[5] "[T]he general rule [is] that a party is bound by the admissions in his pleadings." Best Canvas Prods. & Supplies, Inc. v. Ploof Truck Lines, Inc., 713 F.2d 618, 621 (11th Cir. 1983).

5

Complaint. The Complaint alleges that Plaintiff sent a notice of dispute regarding the monthly payment on the account, that she received no investigation results, and that her credit report still showed a $29 monthly payment. It also alleges that no "reasonable investigation" took place. (See id., ¶¶ 16-17.); Peart, 345 F. App'x at 386 (requiring an allegation of failure to conduct an investigation). Therefore, the Complaint states a claim under 15 U.S.C. § 1681s-2(b) and dismissal is improper.

IV. CONCLUSION

Upon consideration, Defendant's motion to dismiss (Doc. 9) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia this 29th day of April, 2020.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA